OPINION OF THE COURT
Joseph Jaspan, J.
The defendants George E. Csabon and George E. Csabon and Sons, Inc., were found guilty on November 2, 1977, after a nonjury trial, of conspiracy in the fourth degree, a class B misdemeanor.
These convictions arose out of a conspiracy to restrict competitive bidding, the details of which are set forth in a written memorandum filed herein under date of November 2, 1977 and which included a finding that the corporate gain was approximately $14,000.
*1110 Sentence was imposed on January 27, 1978. The corporation was fined the statutory limit of $500 (Penal Law, § 80.05, subd 2). The defendant George E. Csabon was fined the sum of $14,000, the amount representing the afore-mentioned approximate corporate gain and considerably less than twice the amount of the gain (Penal Law, § 80.05, subd 5) as requested by the District Attorney.
In the intervening months the defendants attempted to appeal their conviction, but that effort was aborted when counsel improperly chose the Appellate Term rather than the Appellate Division as the appellate forum.
As a result of the ensuing dispute between the attorney and client, counsel for the defendant agreed to pay the $14,000 fine and has so advised the court.
At the afore-mentioned court session on April 17, 1980, counsel paid $2,500 on account and simultaneously moved orally for the abatement of or the reduction in the amount of the fine, the relief prayed for in the formal motion papers now before the court.
The court has raised a question as to whether a sentence imposed as punishment upon a defendant can or should be discharged by payment from funds of counsel.
A review of this issue uncovers a related ethical problem which mandates the disqualification of the attorney of record herein as counsel for this defendant.
The Code of Professional Responsibility DR 5-103 provides in part as follows: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client”.
The instant motion to reduce or vacate the fine imposed directly affects the amount to be paid by the moving attorney. Accordingly, he has a financial interest in the outcome of this litigation. He may thus be said to have a proprietary interest in the subject matter of the litigation.
The attorney is therefore disqualified from appearing for George E. Csabon on the instant motion.
The motion itself will not be determined until defendant appears with other counsel or knowingly elects to appear pro se.
This case will appear on the calendar of May 2, 1980 at 2:00 p.m. for all purposes.